UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TOMMY R. MCGUIRE,<br>    Petitioner, | :<br>:<br>: |
| v. | : Case No. 3:19-cv-1846(VLB) |
| | : |
| MARK INCH, ET AL.,<br>    Respondents. | :<br>:<br>: |

### RULING ON MOTION TO ALTER OR AMEND JUDGMENT AND MOTION TO SUPPLEMENT MOTION TO ALTER OR AMEND JUDGMENT

The petitioner, Tommy R. McGuire, is currently incarcerated at the Suwannee Work Camp in Live Oak, Florida. He initiated this action by filing a Petition for New or Independent Action seeking relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b) Petition") to challenge his 1999 Florida conviction and sentence for robbery. *See* ECF No. 7, 7-1, 7-2. On June 15, 2020, the Court dismissed the Rule 60(b) Petition pursuant to 28 U.S.C. § 1406(a). *See* ECF Nos. 13. On June 17, 2020, the Clerk entered a judgment dismissing the Rule 60(b) Petition in accordance with the Court's Ruling and closed the case. McGuire has filed a motion to alter or amend the judgment and a motion to supplement the motion to alter or amend the judgment. For the reasons set forth below, the motion to supplement is granted and the motion to alter and amend judgment is denied.

I.    **Background**

On March 4, 1999, after a jury trial in the Circuit Court for Columbia County, Florida, a judge sentenced McGuire to a term of imprisonment of thirty years pursuant to his conviction for robbery. Rule 60(b) Pet., Ex. E, Doc No. 7-2, at 20. On September 27, 2000, the District Court of Appeal of Florida, First District, affirmed the conviction and sentence. *See id.*; *McGuire v. State*, 771 So. 2d 528 (Fla. Dist. Ct. App.

2000). On July 17, 2002, in the United States District Court for the Middle District of Florida, McGuire filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1999 conviction and sentence. See *McGuire v. Sec'y, DOC*, 3:02-cv-0687 (TJC-JRK) (M.D. Fla. July 17, 2002).[1]  On August 23, 2002, McGuire filed an amended petition. See *id.* (Am. Pet. Writ Habeas Corpus, Doc. No. 10). On August 1, 2003, a district judge denied and dismissed with prejudice the amended petition for writ of habeas corpus. See *id.* (Order Denying Amend. Pet., ECF No. 16). On November 18, 2003, the Court of Appeals for the Eleventh Circuit denied McGuire's motion for certificate of appealability because he had failed to make a showing of the denial of a constitutional right. See *id.* (Certified Copy of Order – Appeal No. 03-14347-B, ECF No. 29).

In the Rule 60(b) Petition filed in this action, McGuire requested that the Court review, void and correct the August 2003 judgment entered in accordance with the ruling denying and dismissing the amended habeas petition filed in *McGuire v. Sec'y, DOC*, 3:02-cv-0687 (TJC-JRK) (M.D. Fla. Aug. 1, 2003), and vacate his 1999 conviction and sentence, grant him a new trial, or sentence him to time served. ECF No. 7 at 19. In ruling on the 60(b) Petition, the Court concluded that it lacked jurisdiction to grant McGuire the relief he requested and that it was not in the interest of justice to transfer the Petition to the United States District Court for the Middle District of Florida because that federal court had already addressed essentially identical petitions or

---

[1] **Information regarding this case and other cases cited in this ruling are available on the PACER Case Locator, https://www.pacer.gov (last visited March 16, 2021).**

2

motions raising similar claims on at least four prior occasions.  See ECF Nos. 13 at 5-7.  Accordingly, the Court dismissed the Rule 60(b) Petition pursuant to 28 U.S.C. § 1406(a) and declined to issue a certificate of appealability because McGuire had not "made a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2).  Id. at 7.  McGuire timely filed a motion seeking an order to alter or amend the judgment.  He subsequently filed a motion to supplement the motion to alter or amend the judgment.

II. Standard of Review

McGuire files his motion seeking to alter or amend the judgment under Rule 52(b) of the Federal Rules of Civil Procedure which provides: "On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59."  In support of the motion, McGuire argues that the Court overlooked facts and laws in dismissing the Rule 60(b) Petition.

Rule 52(b) is not applicable because the Court did not hold a trial on the merits of McGuire's Rule 60(b) Petition or find facts in dismissing the Petition.  See Pellechia v. OneWest Bank, FSB, No. 3:11-CV-1587 (JCH), 2013 WL 1131609, at *1–2 (D. Conn. Mar. 18, 2013) ("The Motions to Dismiss were decided pursuant to Rule 12(b)(6) and not following a trial. The Ruling was not based on findings of fact, and this Motion [to Amend Findings pursuant to Rule 52(b) of the Federal Rules of Civil Procedure] is improper and is therefore denied."); Walsh v. Law Offices of Howard Lee Schiff,

3

*P.C.,* No. 3:11–cv–1111 (SRU), 2013 WL 74967, *1 (D. Conn. Jan. 7, 2013) ("Rule 52 applies only to cases in which a court issues factual findings following a trial on the merits.") (citing Fed. R. Civ. P. 52(a)(1); *Sugrue v. Derwinski,* Nos. CV–90–1972, CV–91–2041, 1993 WL 742742, *2 (E.D.N.Y. Mar. 30, 1993)).

The motion is more appropriately filed under Rule 59(e), which permits a party to move "to alter or amend the judgment" within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). In *City of Hartford v. Chase,* 942 F.2d 130 (2d Cir. 1991), the Second Circuit observed that a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) and a motion seeking reconsideration of a judgment or order are essentially the same because "each seeks to reopen a district court's decision on the theory that the court made mistaken findings in the first instance." *Id.* at 133-34. Thus, district courts review motions to alter or amend the judgment filed pursuant to Rule 59(e), Fed. R. Civ. P. under the same standard as motions for reconsideration. *See Kelly v. Honeywell Int'l, Inc.*, No. 3:16-CV-00543 (VLB), 2017 WL 6948927, at *2 (D. Conn. May 25, 2017) ("A motion for reconsideration filed under Local Rule 7(c) is equivalent as a practical matter to a motion for amendment of judgment under Fed. R. Civ. P. 59(e).") (citing *Chase*, 942 F.2d at 133); *Allstate Ins. Co. v. Passaro–Henry,* 660 F. Supp. 2d 317, 325 (D. Conn. 2009) (courts consider motions under Rule 59(e) pursuant to same standard as that governing motions for reconsideration).

Generally, reconsideration will be granted only if the moving party can identify "controlling decisions or data that the court overlooked" and that would reasonably be expected to alter the court's decision. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255,

4

257 (2d Cir. 1995); see also D. Conn. L.R. 7(c) (providing that motions for reconsideration "will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order."). A party's identification of "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" may also constitute sufficient reasons to grant a motion for reconsideration. *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted). A party may not, however, use a motion for reconsideration to reargue prior issues that have already been decided, present "new theories" or arguments that could have been raised earlier, seek a new hearing "on the merits, or [to] otherwise tak[e] a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and citation omitted).

III. Discussion

McGuire seeks to supplement the motion to alter or amend judgment to add Exhibits A, B, C, D and H that were attached to the Rule 60(b) Petition; a copy of an Order dismissing a Rule 60(b) Petition that he originally filed in the Southern District of New York that was subsequently transferred to the Middle District of Florida, *McGuire v. Sec'y, DOC*, Case No. 3:19cv347 (J-32JRK); and new documentary evidence that he discovered in October 2020. Petitioner cannot prevail on a Rule 59(e) motion by submitting new material available to him at the time the motion was originally decided because the Court cannot overlook that which was not before

it.  *Analytical Surv., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) ("It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple' . . . ."). Further, it is not manifestly unjust for a party to be bound by a decision rendered after he has had a fair opportunity to present his case because he failed to present available material supportive of his position.

Even if the Court granted the motion to supplement the motion to alter or amend judgment to add exhibits Petitioner would not be entitled to the relief he seeks.

### A.  Facts and Law Overlooked

In support of the motion to alter or amend judgment, McGuire contends that the Court overlooked the fact that he did not argue in his Rule 60(b) Petition that the United States District Court for the Middle District of Florida lacked personal jurisdiction to deny and dismiss his amended petition for writ of habeas corpus and enter judgment pursuant to the dismissal of the amended petition in *McGuire v. Sec'y, DOC*, 3:02-cv-0687 (TJC-JRK) (M.D. Fla. Aug. 1, 2003). This contention is belied by the fact that McGuire clearly states on the first page of the Rule 60(b) Petition that he is challenging the judgment entered in *McGuire v. Sec'y, DOC*, 3:02-cv-0687 (TJC-JRK) pursuant to the ruling denying and dismissing his habeas petition as void for lack of personal jurisdiction.  ECF No. 7 at 1.

McGuire contends further that the Court erred in concluding that the Second

6

Circuit's holding in *Covington Industries, Inc. v. Resintex A.G.*, 629 F.2d 730 (2d Cir. 1980), did not confer jurisdiction under Federal Rule of Civil Procedure 60(b) to vacate, overrule or void the judgment entered pursuant to the August 1, 2003 ruling denying and dismissing the amended petition in *McGuire v. Sec'y, DOC*, 3:02-cv-0687 (TJC-JRK). In *Covington Industries*, the Second Circuit upheld the United States District Court for the Eastern District of New York's authority under Rule 60(b)(4) to vacate an entry of default judgment entered by the United States District Court for the Northern District of Georgia on the ground that the Northern District of Georgia court lacked personal jurisdiction over the party against whom the default judgment was entered. 629 F.2d at 732–33.

Section 2241(d) of Title 28 of the United States Code provides that "a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts" may file a habeas petition pursuant to 28 U.S.C. § 2254 "in the district court for the district wherein such person is in custody or in the district court for the district within which the State court" that "convicted and sentenced him" is located. The State of Florida is divided into three federal judicial districts referred to as the Southern, Northern and Middle Districts of Florida. The Middle District of Florida has five divisions, Fort Meyers, Jacksonville, Ocala, Orlando and Tampa. The Jacksonville Division includes the County of Columbia. *See* flmd.uscourts.gov/divisions. Because neither the facts included in McGuire's Rule 60(b) Petition nor the exhibits attached to the petition suggested that the United States District Court for the Middle District of Florida lacked personal jurisdiction to

7

rule on McGuire's section 2254 amended petition challenging his conviction by a jury and the sentence imposed by a judge in the Circuit Court for Columbia County, Florida in 1999, the Court concluded that the holding in *Covington Industries* did not provide a basis for it to exercise jurisdiction over the judgment denying and dismissing McGuire's section 2254 petition filed in *McGuire v. Sec'y, DOC*, 3:02-cv-0687 (TJC-JRK). Ruling, ECF No. 13, at 5-6. McGuire points to no facts or law that the Court overlooked in reaching this conclusion.

McGuire criticizes the Court for construing his Rule 60(b) Petition to assert an additional claim that it overrule orders dismissing, on the grounds of abuse of the judicial process and lack of subject matter jurisdiction, separate Rule 60(b) Petitions filed by him in the Middle District of Florida in 2011 and 2018. Because McGuire relied on the orders dismissing these two Rule 60(b) petitions to demonstrate that the Middle District of Florida lacked personal jurisdiction to dismiss his amended habeas petition in *McGuire v. Sec'y, DOC*, 3:02-cv-0687 (TJC-JRK), the Court liberally construed the Rule 60(b) Petition to challenge those orders as well. The Court concluded that the *Covington Industries* decision did not provide a basis of jurisdiction to overrule the orders dismissing in part for lack of subject matter jurisdiction, the Rule 60(b) Petitions filed in *McGuire v. Buss, Sec'y of Florida DOC, et al.*, 3:11-cv-521-J-32MCR (M.D. Fla. June 20, 2011) and *McGuire v. Jones, Sec'y of Florida DOC, et al.*, 3:18-cv-576-J-32MC (M.D. Fla. June 1, 2018). *See* ECF No. 13 at 6. McGuire does not identify any law or facts that the Court overlooked in reaching this conclusion.

8

In his final argument, McGuire states that it was unnecessary for the Court to cite to nine other essentially identical Rule 60(b) Petitions that he had previously filed in various district courts other than the Middle District of Florida because none of those petitions were decided on the merits.  McGuire does not assert that any information pertaining to those previously filed petitions was inaccurate.  Furthermore, although the Court listed the disposition of other Rule 60(b) petitions filed by McGuire in the procedural background section of the Ruling, it did not rely on those decisions to reach the conclusion that the Rule 60(b) Petition filed in this action should be dismissed.  Accordingly, the mere fact that the Court noted that McGuire filed earlier Rule 60(b) petitions in other district courts raising the same or similar claims is not a basis to alter or amend the judgment.

B.     **New Evidence**

McGuire contends that the new evidence attached to his motion to supplement supports the claim raised in his Rule 60(b) Petition that his public defender perpetrated a fraud on the court during his criminal trial in 1999.[2]  That evidence consists of a Florida newspaper article from October 2020 pertaining to a federal investigation into allegations of corruption by former Florida State Attorney Jeffrey Siegmeister.  *See* Mot. Supplement, Ex. I, ECF No. 16-1.  McGuire alleges that Former

---

[2] The other exhibits attached to the motion to supplement do not constitute new evidence as five of the exhibits were attached to the Rule 60(b) Petition and the sixth exhibit is a copy of a decision dismissing a Rule 60(b) Petition filed by McGuire in the Southern Dist§rict of New York in March 2019, subsequently transferred to the Middle District of Florida and dismissed in April 2019, before he filed this action.  *See* Exs. A – D, F, H, [ECF No. 16-1].

State Attorney Siegmeister prosecuted his Florida criminal case and "actively aided and abetted" his public defender in perpetrating a fraud on the trial court.

McGuire does not explain how this new evidence alters the Court's conclusion that *Covington Industries* did not provide a basis for it to exercise jurisdiction over the judgment denying and dismissing McGuire's section 2254 petition filed in *McGuire v. Sec'y, DOC*, 3:02-cv-0687 (TJC-JRK).  Accordingly, the new evidence consisting of a newspaper article regarding a federal investigation of corruption allegations against the Florida State Attorney who prosecuted him in 1999, which makes no mention of his case, does not constitute a basis to alter or amend the judgment entered pursuant to the ruling dismissing the Rule 60(b) Petition filed in this case for lack of jurisdiction.

Conclusion

The Motion to Supplement the Motion to Alter or Amend Judgment, [ECF No. 16], to submitted unrelated exhibits, is GRANTED and the Motion to Alter or Amend the Judgment, [ECF No. 15], dismissing the Rule 60(b) Petition is DENIED.  A certificate of appealability shall not issue as McGuire has not made a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2).  Any appeal from this order would not be taken in good faith.  See 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.")

    **IT IS SO ORDERED.**

                                                  /s/_____
                                        **Hon. Vanessa L. Bryant**
                                        **United States District Judge**

**Dated this day in Hartford, Connecticut: March 26, 2021**